UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Dana Rogers, Pamela Martin, and Sandra Roberts, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>Defendant. | )<br>)<br>) Case No.<br>)<br>) CLASS ACTION COMPLAINT<br>)<br>) Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>) |

## Nature of this Action

1. Dana Rogers, Pamela Martin, and Sandra Roberts ("Plaintiffs") bring this class action against Capital One Bank (USA), N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent—in that Defendant does not honor cease-and-desist requests from its customers and continues to place calls after being specifically informed not to do so.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3)

1

and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiffs' action transpired, at least in part, in this district, and Defendant transacts business in this district.

## Parties

5. Ms. Rogers is a natural person.

6. At all relevant times Ms. Rogers resided in Powder Springs, Georgia.

7. Ms. Martin is a natural person.

8. At all relevant times Ms. Martin resided in St. Louis, Missouri.

9. Ms. Roberts is a natural person.

10. At all relevant times Ms. Roberts resided in Smyrna, Georgia.

11. Defendant is a national bank.

12. Defendant's principal office is located in Mclean, Virginia.

## Factual Allegations

### A. Dana Rogers

13. Sometime in 2015 Defendant began placing calls to ▓▓▓▓▓▓▓▓—Ms. Rogers's cellular telephone number.

14. In particular, Defendant placed at least 31 calls to Ms. Rogers's cellular telephone number in 2015.

15. Upon information and good faith belief, Defendant placed more than 31 calls to Ms. Rogers's cellular telephone number in 2015.

16. Defendant placed its calls to Ms. Rogers's cellular telephone number regarding a credit card account she had with Defendant.

17. Defendant placed its calls to Ms. Rogers's cellular telephone number from (800) 955-6600—a telephone number associated with Defendant's credit card division.

18. Ms. Rogers spoke with Defendant on more than one occasion in 2015.

19. On one of these occasions Ms. Rogers asked Defendant to stop calling her cellular telephone number.

20. In response to Ms. Rogers's request, Defendant stated that it would stop calling her cellular telephone number.

21. Defendant, however, continued to place calls to Ms. Roger's cellular telephone number.

22. In fact, Defendant placed a call to Ms. Roger's cellular telephone number the day after she first asked Defendant to stop calling her cellular telephone number.

23. When Ms. Rogers answered this call, she informed Defendant that she had already instructed it to stop calling her cellular telephone number, and again asked Defendant to stop calling her cellular telephone number.

24. Defendant, nonetheless, continued to place calls to Ms. Rogers's cellular telephone number.

25. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Rogers's cellular telephone number by using an automatic telephone dialing system.

26. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Rogers's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

27. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Rogers's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone

and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

28. Upon information and good faith belief, Defendant placed its calls to Ms. Rogers's cellular telephone number for non-emergency purposes.

29. Upon information and good faith belief, Defendant placed its calls to Ms. Rogers's cellular telephone number voluntarily.

30. Upon information and good faith belief, Defendant placed its calls to Ms. Rogers's cellular telephone number under its own free will.

31. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Rogers's cellular telephone number.

32. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Ms. Rogers's cellular telephone number.

33. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Ms. Rogers's cellular telephone number.

**B. Pamela Martin**

34. Sometime in 2015 Defendant began placing calls to ▮▮▮▮▮▮▮ — Ms. Martin's cellular telephone number.

35. In particular, Defendant placed at least 40 calls to Ms. Martin's cellular telephone number in 2015.

36. Upon information and good faith belief, Defendant placed more than 40 calls to Ms. Martin's cellular telephone number in 2015.

37. Defendant placed its calls to Ms. Martin's cellular telephone number regarding a credit card account she had with Defendant.

38. Defendant placed its calls to Ms. Martin's cellular telephone number from (800) 955-6600—a telephone number associated with Defendant's credit card division.

39. On or about September 28, 2015, at or around 7:02 p.m., Ms. Martin called (800) 955-6600, spoke with Defendant—through its representative "Lauren"—provided Defendant her name, social security number, and cellular telephone number, and asked Defendant to stop calling her cellular telephone number.

40. Defendant, however, continued to place calls to Ms. Martin's cellular telephone number.

41. To date, Defendant continues to place one or more calls to Ms. Martin's cellular telephone number on a nearly daily, if not daily basis.

42. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Martin's cellular telephone number by using an automatic telephone dialing system.

43. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Martin's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity

to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

44. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Martin's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

*Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

45. Upon information and good faith belief, Defendant placed its calls to Ms. Martin's cellular telephone number for non-emergency purposes.

46. Upon information and good faith belief, Defendant placed its calls to Ms. Martin's cellular telephone number voluntarily.

47. Upon information and good faith belief, Defendant placed its calls to Ms. Martin's cellular telephone number under its own free will.

48. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Martin's cellular telephone number.

49. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Ms. Martin's cellular telephone number.

50. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Ms. Martin's cellular telephone number.

### C. Sandra Roberts

51.     Sometime in 2015 Defendant began placing calls to ▮▮▮▮▮▮—Ms. Roberts's cellular telephone number.

52.     In particular, Defendant placed at least 2 calls to Ms. Roberts's cellular telephone number in 2015.

53.     Upon information and good faith belief, Defendant placed more than 2 calls to Ms. Roberts's cellular telephone number in 2015.

54.     Defendant placed its calls to Ms. Roberts's cellular telephone regarding a credit card account she had with Defendant.

55.     Defendant placed its calls to Ms. Roberts's cellular telephone number from (800) 955-6600—a telephone number associated with Defendant's credit card division.

56.     On or about October 6, 2015, at or around 3:58 p.m., Ms. Roberts called (800) 955-6600, spoke with Defendant—through its representative "Shariell"—provided Defendant her name, social security number, and cellular telephone number, and asked Defendant to stop calling her cellular telephone number.

57.     Defendant, however, continued to place calls to Ms. Roberts's cellular telephone number.

58. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Roberts's cellular telephone number by using an automatic telephone dialing system.

59. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Roberts's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

60. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Ms. Roberts's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting

when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

61. Upon information and good faith belief, Defendant placed its calls to Ms. Roberts's cellular telephone number for non-emergency purposes.

62. Upon information and good faith belief, Defendant placed its calls to Ms. Roberts's cellular telephone number voluntarily.

63. Upon information and good faith belief, Defendant placed its calls to Ms. Roberts's cellular telephone number under its own free will.

64. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Roberts's cellular telephone number.

65. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Ms. Roberts's cellular telephone number.

66. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Ms. Roberts's cellular telephone number.

## Class Action Allegations

67. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following class:

> All persons and entities throughout the United States (1) to whom Capital One Bank (USA), N.A., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) from July 1, 2014 through the date of this complaint, (5) after the called party requested that Capital One Bank (USA), N.A. cease calling his or her telephone number.

68. The proposed class specifically excludes the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and

all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

69. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

70. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

71. The exact number of the members of the class is unknown to Plaintiffs at this time, and can be ascertained only through appropriate discovery.

72. The members of the class are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant and by third parties.

73. There exists a well-defined community of interest in the questions of law and fact that affect the members of the class.

74. Plaintiffs' claims are typical of the claims of the members of the class.

75. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers, without prior express consent, and in violation of 47 U.S.C. § 227.

76. Plaintiffs' claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

77. Plaintiffs' claims are based on the same theory as are the claims of the members of the class.

78. Plaintiffs suffered the same injuries as each of the members of the class.

79. Plaintiffs will fairly and adequately protect the interests of the members of the class.

80. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

81. Plaintiffs will vigorously pursue the claims of the members of the class.

82. Plaintiffs have retained counsel experienced and competent in class action litigation.

83. Plaintiffs' counsel will vigorously pursue this matter.

84. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the class.

85. The questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

86. Issues of law and fact common to all class members are:

   a. Defendant's violations of the TCPA;

   b. The existence of Defendant's identical conduct;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d. Defendant's failure to honor cease-and-desist requests from its customers;

    e. The availability of statutory penalties; and

    f. The availability of attorneys' fees and costs.

87. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

88. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

89. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

90. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

91. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

92. The damages suffered by each individual member of the class may be relatively small; thus, the expense and burden to litigate each of their claims

individually make it difficult for the members of the class to redress the wrongs done to them.

93. The pursuit of Plaintiffs' claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

94. There will be little difficulty in the management of this action as a class action.

95. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

96. Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-95.

97. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiffs' cellular telephone numbers, absent prior express consent.

## Trial by Jury

98. Plaintiffs are entitled to, and hereby demand, a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Determining that this action is a proper class action;

    b) Designating Plaintiffs as a class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiffs and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiffs and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiffs and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: November 17, 2015  /s/Craig J. Ehrlich
Craig J. Ehrlich
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Office: 844-534-9984, Ext. 301
Direct: 404-365-4460
Fax: 855-415-2480
craig@ehrlichlawoffice.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
(*pro hac vice* application to be filed)
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

**Local Rule 7.1D Certification**

The undersigned counsel certifies that the foregoing was prepared using Times New Roman 14 point, a font and point selection approved by LR 5.1B.

/s/Craig J. Ehrlich
Craig J. Ehrlich