IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANA ROGERS, et al.,

    Plaintiffs,

      v.

    CIVIL ACTION FILE
    NO. 1:15-CV-4016-TWT

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

## OPINION AND ORDER

This is a case arising under the Telephone Consumer Protection Act. It is before the Court on the Defendant's Motion to Dismiss or, Alternatively, Motion to Stay [Doc. 13]. For the reasons stated below, the Motion to Dismiss is DENIED and the Motion to Stay is DENIED.

## I. Background

The Plaintiffs, Dana Rogers, Pamela Martin, and Sandra Roberts, bring this putative class action against the Defendant, Capital One Bank (USA), N.A.[1] The Plaintiffs allege that the Defendant placed at least 31 calls to Ms. Rogers's cellular

---

[1]    Compl. ¶ 1.

phone number in 2015 using an automatic telephone dialing system for non-emergency purposes.[2] Ms. Rogers instructed the Defendant to stop calling her phone, but the Defendant kept calling.[3] The Plaintiffs allege that the Defendant also made at least 40 calls to Ms. Martin's cellular phone in 2015, also using an automatic telephone dialing system and for non-emergency purposes.[4] The Defendant also continued to call Ms. Martin's phone despite her instructions to stop calling.[5] The Plaintiffs also allege that the Defendant placed at least two non-emergency calls to Ms. Roberts's cellular phone in 2015 using an automatic telephone dialer.[6] The Plaintiffs again allege that the Defendant made calls to Ms. Roberts despite her instructions not to call.[7] The Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA") on behalf of themselves and the class of all others similarly situated.[8] The Defendant now moves to dismiss, or in the alternative, to stay this matter.

---

[2]    Id. ¶¶ 14, 25, 28.

[3]    Id. ¶¶ 19-23.

[4]    Id. ¶¶ 35, 42, 45.

[5]    Id. ¶¶ 39-41.

[6]    Id. ¶¶ 53, 58, 61.

[7]    Id. ¶¶ 56-57.

[8]    Id. ¶¶ 67-95.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[9] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[10] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[11] Generally, notice pleading is all that is required for a valid complaint.[12] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[13]

## III. Discussion

---

[9]     Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[10]     Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[11]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[12]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[13]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

The Defendant argues that the Plaintiffs' complaint should be dismissed for lack of standing. Article III standing requires an actual or imminent injury that is concrete and particularized, fairly traceable to the challenged action, and redressable by a favorable ruling.[14] "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."[15] An injury is concrete when it actually exists.[16] But, an injury does not have to be tangible to be concrete.[17] While Congress may not entirely abrogate the injury requirement, it may statutorily define injuries and chains of causation that would not have existed absent the statute.[18] Specifically, Congress may, by statute, transform a previously non-concrete injury into one that is concrete and therefore sufficient to confer standing.[19] With respect to the TCPA, the Eleventh Circuit has held that Congress intended to create a concrete injury where the statute was violated, meaning so long as the plaintiff has been affected personally by the

---

[14]  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013).

[15]  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016).

[16]  Id.

[17]  Id. at 1549.

[18]  Id.

[19]  Id.

conduct that violates the statute, standing exists.[20] There, the Eleventh Circuit found

standing in a junk-fax scenario under the TCPA, despite the fact that there was no

evidence that anyone ever printed or saw the junk faxes at issue.[21] It was enough that

the junk faxes made the fax line unavailable for legitimate purposes.[22]

      Here, the Plaintiffs alleges that the Defendant made unwanted phone calls to

their cell phone numbers, in violation of the TCPA. As the Eleventh Circuit has held,

a violation of the TCPA is a concrete injury. Because the Plaintiffs allege that the calls

were made to their personal cell phone numbers, they have suffered particularized

injuries because their cell phone lines were unavailable for legitimate use during the

unwanted calls. The Plaintiffs have alleged sufficient facts to support standing. The

Defendant's motion to dismiss should be denied.

      In the alternative, the Defendant moves to stay this matter pending the outcome

of a Supreme Court decision and a decision by the Court of Appeals for the D.C.

Circuit. The Supreme Court has already decided Spokeo, so that motion to stay should

be denied as moot. As to the motion to stay pending a ruling in the D.C. Circuit case,

this Court finds that judicial economy does not warrant a stay. It would be pure

---

[20]    Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d
1245, 1252 (11th Cir. 2015).

[21]    Id.

[22]    Id.

speculation to assume that the D.C. Circuit will change the state of the law in its forthcoming opinion. The Defendant's motion to stay should be denied.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss or, Alternatively, Motion to Stay [Doc. 13] is DENIED.

SO ORDERED, this 3 day of June, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge